IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARYIE EARL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-973-F |
| ) | [WO] |
| ) | |
| ANTHONY CLARK, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Laryie Earl Jones ["Jones"], a convicted felon confined in the Covington County Jail, challenges the constitutionality of his confinement prior to and upon conviction by the Circuit Court of Covington County, Alabama. Specifically, Jones complains that after his arrest on the most recent criminal charges lodged against him the trial court refused to set bail during the pendency of such charges thereby resulting in his false imprisonment.[1] Jones also attacks the constitutionality of the controlled substance convictions imposed upon him by the Circuit Court of Covington County in September of 2005.

In his complaint, Jones names Anthony Clark, the Sheriff of Covington County, Greg Jackson, Chris Inabinett and Mark Odom, all employees of the Covington County

---

[1] The evidentiary materials submitted by Jones in support of his complaint establish that "he had committed each of the four offenses now pending while he was out on bond on other" pending criminal charges. *Plaintiff's Exhibit A - Letter of Attorney Al Smith* at 3-4.

Sheriff's Department, and the State of Alabama as defendants in this cause of action. Jones seeks reinstatement of a prior federal civil action and monetary damages from the defendants.[2] *See Plaintiff's Complaint* at 4.

Upon review of the complaint, the court concludes that this case should be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[3]

## I. DISCUSSION

### A. The Individual Defendants

Jones is presently confined in the Covington County Jail on multiple convictions imposed upon him by the Circuit Court of Covington County for possession of a controlled substance. While awaiting disposition of these charges and as Jones demonstrated a propensity to continue his criminal activities while on bond, the trial court denied the plaintiff's request for bail. Jones complains that the court's failure to set bail violated his constitutional rights and resulted in his false imprisonment pending conviction on the charges lodged against him.

---

[2] Jones requests that this court re-open *Jones v. Clark, et al.*, Civil Action No. 2:05-CV-5-F. A review of this court's records reveals that the aforementioned civil action remains pending before this court on the plaintiff's claims against defendants Anthony Clark, Chris Byrd, Paul Dean and Bret Holmes. Specifically, Jones asserts that these defendants subjected him to an unlawful arrest on June 22, 2004 for controlled substance offenses and thereafter falsely imprisoned him on these charges based on the excessive bail set by the trial court. This court did, however, dismiss claims presented by Jones against district attorney Eugenia Loggins and assistant district attorney Walt Merrel. Jones fails to demonstrate that these claims are due to be reinstated nor is there any legal basis on which these claims should be reinstated.

[3] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The denial of bail and resulting imprisonment occurred due to an order issued by a state court. The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). The law of this Circuit directs "'that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.' *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)." *Swint*, 51 F.3d at 999. It is clear that defendants Clark, Jackson, Inabinett and Odom did not issue the order denying bail nor are they empowered with any authority to rescind such an order. Moreover, it is clear that these defendants must act in accordance with the orders issued by a state court. Consequently, the requisite causal connection fails to exist in this case, and the plaintiff's claims against defendants Clark, Jackson, Inabinett and Odom lack an arguable basis in law. These claims are therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[4]

### B. The State of Alabama

The law is well-settled that the State of Alabama is immune from suit. *Papasan v.*

---

[4] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

*Allain*, 478 U.S. 265 (1986).  Thus, the plaintiff's claims against this defendant are "based on an indisputably meritless legal theory" and are due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke, supra*.

### C.  Denial of Bail

To the extent that Jones seeks declaratory and injunctive relief for the state court's decision to deny bail, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983 as federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, dismissal of the plaintiff's claims for declaratory and injunctive relief arising from actions of a state court with respect to an order on bail is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

### D. The Challenges to Plaintiff's Convictions

Jones attacks the constitutionality of the convictions and sentences recently imposed upon him by the Circuit Court of Covington County, Alabama for possession of cocaine. Specifically, Jones contends that he entered his guilty pleas involuntarily as "the plaintiff were force and threaten by the State . . ." to enter the pleas. *Plaintiff's Complaint* at 3. Jones also asserts that the evidence failed to support his convictions because "there was no detectible amount of cocaine" found in his possession. *Id*. Finally, he challenges the constitutionality of the sentences imposed upon him and the trial court's failure to grant him jail credit. These claims go to the fundamental legality of the convictions and sentences imposed upon Jones and, therefore, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's

complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The instant complaint contains claims which challenge the constitutionality of the convictions entered and the sentences imposed against Jones by the Circuit Court of Covington County for possession of cocaine. A judgment in favor of Jones on these claims would necessarily imply the invalidity of these convictions and his resulting incarceration. It is clear from the complaint that the convictions about which the plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral

attack on the plaintiff's controlled substance convictions is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Such attack is therefore due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Anthony Clark, Greg Jackson, Chris Inabinett and Mark Odom be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims against the State of Alabama be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

3. The claim challenging the constitutionality of the state court's decision to deny bail be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. To the extent that Jones asserts claims which challenge the constitutionality of the controlled substance convictions imposed upon him by the Circuit Court of Covington County, Alabama, these claims be dismissed without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

5. This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before October 31, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of October, 2005.

                                         **/s/ Delores R. Boyd**
                                         DELORES R. BOYD
                                         UNITED STATES MAGISTRATE JUDGE