IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LARYIE EARL JONES,                          )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )        CIVIL ACTION NO. 2:05-CV-973-F
                                            )                    [WO]
                                            )
ANTHONY CLARK, et al.,                      )
                                            )
        Defendants.                         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Laryie Earl Jones ["Jones"], a convicted felon

confined in the Covington County Jail, challenges the constitutionality of his confinement

prior to and upon conviction by the Circuit Court of Covington County, Alabama.

Specifically, Jones complains that after his arrest on the most recent criminal charges lodged

against him the trial court refused to set bail during the pendency of such charges thereby

resulting in his false imprisonment.[1]  He also challenges the constitutionality of his arrests

for possession of drug paraphernalia and possession of a controlled substance in case

numbers CC-2003-187, CC-2003-418 and CC-2003-419 and likewise attacks the

constitutionality of the controlled substance convictions imposed upon him by the Circuit

Court of Covington County in September of 2005 arising from these arrests.  Jones further

complains that the defendants committed libel and slander and subjected him to the tort of

---

[1]The evidentiary materials submitted by Jones in support of his complaint establish that "he had committed each of the four offenses now pending while he was out on bond on other" pending criminal charges. *Plaintiff's Attachment to the Complaint* at 2-3 - *Letter of Attorney Al Smith* at 3-4.

outrage.

In his complaint, Jones names Anthony Clark, the Sheriff of Covington County, Greg

Jackson, Chris Inabinett and Mark Odom, all employees of the Covington County Sheriff's

Department, and the State of Alabama as defendants in this cause of action. Jones seeks

reinstatement of a prior federal civil action and monetary damages from the defendants. *See*

*Plaintiff's Complaint* at 4.[2]

Upon review of the complaint, the court concludes that this case should be dismissed

prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[3]

## I. DISCUSSION

### A. The State of Alabama

The law is well-settled that the State of Alabama is immune from suit. *Papasan v.*

*Allain*, 478 U.S. 265 (1986). Moreover, "a State is not a 'person' within the meaning of §

1983 . . ." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309

(1989). Thus, the plaintiff's claims against this defendant are "based on an indisputably

meritless legal theory" and are due to be dismissed pursuant to the provisions of 28 U.S.C.

---

[2]Jones requests that this court re-open *Jones v. Clark, et al.*, Civil Action No. 2:05-CV-5-F. A review of this court's records reveals that the aforementioned civil action remains pending before this court on the plaintiff's claims against defendants Anthony Clark, Chris Byrd, Paul Dean and Bret Holmes. Specifically, Jones asserts that these defendants subjected him to an unlawful arrest on June 22, 2004 for controlled substance offenses and thereafter falsely imprisoned him on these charges based on the excessive bail set by the trial court. This court did, however, dismiss claims presented by Jones against district attorney Eugenia Loggins and assistant district attorney Walt Merrel. Jones fails to demonstrate that these claims are due to be reinstated nor is there any legal basis on which these claims should be reinstated.

[3]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

§ 1915(e)(2)(B)(i) and (iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[4]

## B.  Denial of Bail and False Imprisonment

Jones is presently confined in the Covington County Jail on multiple convictions imposed upon him by the Circuit Court of Covington County for possession of a controlled substance.  While awaiting disposition of these charges and as Jones demonstrated a propensity to continue his criminal activities while on bond, the trial court denied the plaintiff's request for bail.  Jones complains that the court's failure to set bail violated his constitutional rights and resulted in his false imprisonment pending conviction on the charges lodged against him.

The denial of bail and resulting imprisonment occurred due to an order issued by a state court.  The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation.  *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).  The law of this Circuit directs "'that the inquiry into causation must be a directed one, focusing on the duties and responsibilities of each of the individual defendants whose acts or omissions are alleged to have resulted in a constitutional deprivation.'  *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)."  *Swint*, 51 F.3d at 999.  It is clear that defendants Clark, Jackson, Inabinett and Odom did not issue the order denying bail nor are they empowered with any authority to rescind such an order.  Moreover, it is clear

---

[4]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

that these defendants must act in accordance with the orders issued by a state court. Consequently, with respect to the claims against defendants Clark, Jackson, Inabinett and Odom regarding the denial of bail and plaintiff's resulting incarceration, the requisite causal connection fails to exist in this case. These claims therefore lack an arguable basis in law and are subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

To the extent that Jones seeks declaratory and injunctive relief for the state court's decision to deny bail, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983 as federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, dismissal of the plaintiff's claims for declaratory and injunctive relief arising from actions of a state court with respect to an order on bail is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, *supra*.

## C. The Illegal Arrest Claims[5]

Jones asserts that defendants Inabinett, Jackson and Odom subjected him to false arrests because "in all three cases these[] defendants never produced any controlled substance. Plaintiff should have been charge with [possession of drug] paraphernalia only." *November 2, 2005 Amendment to the Complaint - Court Doc. No. 5* at 2. The challenges to these arrests entitle Jones to no relief as such claims are refuted by the plaintiff's own pleadings and evidentiary materials.

Probable cause to arrest exists when an arrest is "objectively reasonable based on the totality of the circumstances." *Lee v. Ferraro,* 284 F.3d 1188, 1195 (11th Cir.2002). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* (internal quotation marks and citations omitted). Jones concedes that at the time of the challenged arrests the officers found in his possession items of drug paraphernalia. *November 2, 2005 Amendment to the Complaint - Court Doc. No. 5* at 2. The evidentiary materials submitted by Jones likewise support this fact. "Mr. Jones had each time, and these are all separate incidents, a device fashioned from a tool socket into a crack smoking device." *Plaintiff's Attachment to the Complaint* at 2 - *Letter of Attorney Al Smith* at 3. These devices consisted "of a metallic tube portion and a rubber-tubing portion." *Id*

---

[5]To the extent that Jones attacks the sufficiency of the evidence on which his September of 2005 controlled substance convictions are based, such claims are addressed in the following section of this Recommendation.

at 6 - *Letter of C. Randall Clark* at 1. Jones acknowledges that his possession of these items warranted his arrests. *November 2, 2005 Amendment to the Complaint - Court Doc. No. 5* at 2. Additionally, on each item of drug paraphernalia obtained from Jones "there was a residue . . ." *Id.* at 2 - *Letter of Attorney Al Smith* at 3.[6] The complaint therefore establishes that the arresting officers had sufficient knowledge of facts and circumstances which warranted a belief that a criminal offense had been committed and that the plaintiff committed this offense. It is clear to this court that an objectively reasonable officer with this information could have believed that the facts established probable cause to arrest the plaintiff. *See McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1243 (11th Cir. 2003). The court therefore concludes that probable cause existed upon which to base the arrests thereby negating the plaintiff's illegal arrest claims. Consequently, these claims are due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## D. The Challenges to Plaintiff's Convictions

Jones attacks the constitutionality of the convictions and sentences recently imposed upon him by the Circuit Court of Covington County, Alabama for possession of cocaine. Specifically, Jones contends that he entered his guilty pleas involuntarily as "the plaintiff were force and threaten by the State . . ." to enter the pleas. *Plaintiff's Complaint* at 3. Jones also asserts that the evidence failed to support his convictions because "there was no detectible amount of cocaine" found in his possession. In his amendment to the complaint,

---

[6]Despite his assertions to the contrary, the evidentiary materials submitted by Jones demonstrate that all three devices taken from him by defendants Inabinett, Jackson and Odom tested "positive for cocaine." *Plaintiff's Attachment to the Complaint* at 6 - *Letter of C. Randall Clark* at 1.

Jones continues to argue that law enforcement officials failed to produce any evidence that he possessed a controlled substance. *November 2, 2005 Amendment to the Complaint - Court Doc. No. 5* at 2. Finally, Jones challenges the constitutionality of the sentences imposed upon him and the trial court's failure to grant him jail credit. These claims go to the fundamental legality of the convictions and sentences imposed upon Jones and, therefore, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648.

Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The instant complaint contains claims which challenge the constitutionality of the convictions entered and the sentences imposed against Jones by the Circuit Court of Covington County for possession of cocaine. A judgment in favor of Jones on these claims would necessarily imply the invalidity of these convictions and his resulting incarceration. It is clear from the complaint that the convictions about which the plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the plaintiff's controlled substance convictions is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Such attack is therefore due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.  Libel and Slander

Jones complains that law enforcement officials subjected him to libel and slander when they submitted false information about his arrests to newspapers and television stations.

*November 2, 2005 Amendment to the Complaint - Court Doc. No. 5* at 2-3.  The law is well

settled that a 42 U.S.C. § 1983 action cannot be predicated upon the theory of slander, libel

or defamation.  *Paul v. Davis*, 424 U.S. 693 (1976); *see also Von Stein v. Brescher*, 904 F.2d

572 (11th Cir. 1990).  Thus, this claim for relief is frivolous as it is "based on an indisputably

meritless legal theory."  *Neitzke*, 490 U.S. at 327.  The challenge presented by Jones to the

defendants dissemination of alleged false information to news media outlets is therefore

subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### F.  The Tort of Outrage

Jones maintains that he "suffered the tort of outrage" due to his arrest and

incarceration on various controlled substance offenses.  *November 2, 2005 Amendment to the

Complaint - Court Doc. No. 5* at 2.  This claim is predicated solely upon an alleged violation

of state tort law -- a claim which may be considered by this court only through the exercise

of supplemental jurisdiction as it is not otherwise cognizable in federal court.  It therefore

appears that Jones, independent of his federal claims, seeks to invoke the supplemental

jurisdiction of this court to consider a tort claim challenging the emotional distress caused

by his arrests and incarceration.   Under the circumstances of this case, however,

implementation of supplemental jurisdiction is inappropriate.

For this court "[t]o exercise [supplemental] jurisdiction over state law claims not

otherwise cognizable in federal court, 'the court must have jurisdiction over a substantial

federal claim and the federal and state claims must derive from a "common nucleus of

operative fact."'"  *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th

Cir. 1984).   When the federal claims are summarily dismissed, case law "strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428; *Raney v. Allstate Insurance Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("[D]istrict Courts [are encouraged] to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").   In view of the summary dismissal of the federal claims presented in the complaint and amendment thereto, this court declines to exercise supplemental jurisdiction over the plaintiff's state law claim of outrage.  This claim should therefore be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the State of Alabama be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2.  The § 1983 claims presented against Anthony Clark, Greg Jackson, Chris Inabinett and Mark Odom be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

3.  The claim challenging the constitutionality of the state court's decision to deny bail be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

4.  To the extent that Jones asserts claims which challenge the constitutionality of the controlled substance convictions imposed upon him by the Circuit Court of Covington County, Alabama, these claims be dismissed without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

5.  The plaintiff's libel and slander claim be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

6.  The plaintiff's claim alleging the tort of outrage be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

7.  This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before November 16, 2005 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit Court of

Appeals handed down prior to the close of business on September 30, 1981.

Done this   3rd day of November, 2005.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE